William SESSOMS, Plaintiff-Appellee,

v.

The UNION SAVINGS & TRUST COMPANY, Defendant-Appellant.

No. 15619.

United States Court of Appeals
Sixth Circuit.

Feb. 27, 1965.

752

Paul W. Walter, Arthur P. Steinmetz, Cleveland, Ohio, Ashley M. Van Duzer, Cleveland, Ohio, for appellant.

Charles R. Miller, Rudd, Ober & Miller, Cleveland, Ohio, for appellee.

Before CECIL and PHILLIPS, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

Plaintiff-appellee requests the Court to reconsider its decision reversing and remanding the case for retrial.

It is asserted that the jury verdict should be reinstated and the judgment below affirmed if the real meaning of Rule 49(b) of the Federal Rules of Civil Procedure is observed.[1]

Plaintiff points out that the jury found that he did not steal the check from the bank when it answered Interrogatory No. 3 and insists that this finding made harmless the erroneous charge.

---

[1] "(b) *General Verdict Accompanied by Answer to Interrogatories.* The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. When the general verdict and the answers are harmonious, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. When the answers are consistent with each other but one or more is inconsistent with the general verdict, judgment may be entered pursuant to Rule 58 in accordance with the answers, notwithstanding the general verdict, or the court may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict, judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial."

Ordinarily harm is presumed if an erroneous charge is made on a material issue. The parties agree that the guilt or innocence of plaintiff was unquestionably a material issue in the case. The District Judge put the case to the jury only on the issues of malice and probable cause. It is noted that the charge contains this language on the issue of probable cause:

" * * * The single question, aside from the matter of maliciousness, for you to consider is whether the Defendant's officer Waldman had, at the time of causing the arrest and prosecution of the Plaintiff, reasonable and probable cause for doing so, and this would depend upon Waldman's personal knowledge or information communicated to him of facts and circumstances at the time sufficient to excite in the mind of a reasonably cautious and prudent person a reasonable belief that the Plaintiff had stolen the check in question."

It would not necessarily follow that lack of probable cause to Waldman meant lack of probable cause to the defendant bank because Waldman was only a minor employee of the bank. The question was whether the bank had probable cause to believe plaintiff stole the check. If the bank had probable cause to believe plaintiff guilty even though Waldman did not, there could be no liability against the bank. The defendant did not except to the above quoted portion of the charge and ordinarily a new trial would not be granted for such failure, unless other error appears in the record.

The issue of probable cause was close. The District Judge instructed the jury not to consider the question of guilt of the plaintiff. But at the conclusion of the charge he told them that he was submitting to them three interrogatories, each of which would require a written answer. Interrogatory No. 3 required the jury to pass on the guilt or innocence of plaintiff. It is obvious that Interrogatory No. 3 was inconsistent with those portions of the charge that instructed the jury that plaintiff's guilt was not an issue. This inconsistency was confusing and misleading to the jury, and in the opinion of this Court was prejudicial to the defendant.

This Court, in the case of Standard Life & Accident Insurance Co. v. Sale, (1903) 6 Cir., 121 F. 664, at page 669, 61 L.R.A. 337, stated:

"These instructions stated the law correctly. But the mere giving them without recalling or explaining the instructions given on the court's own motion would not be likely to remove the impression already made. In order to render an error harmless, it must be made to appear clearly that the party complaining of it was not prejudiced.

"*The difficulty created by inconsistent or contradictory instructions on a material point is, first, that it is impossible for the jury to know which is to be their guide; and, secondly, it is impossible after verdict to ascertain which instruction the jury followed.* (Citing cases) * * *" (Emphasis supplied.)

We have carefully examined the cases cited by plaintiff's counsel that applied the rule that if special findings of the jury show that a party was not injured by an erroneous charge or an erroneous denial of a special charge, the error is harmless. The rule is sound, but in the opinion of this Court, it is not applicable to the facts of this case.

The Clerk is authorized to enter an order denying the petition for rehearing.